15-201-cv
Henry v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
                       *Circuit Judges*.
             KATHERINE POLK FAILLA,[1]
                       *District Judge*.

_____

PAULA HENRY, SHARON JACKSON-CRAWFORD, MAKENZY JEAN-FELIX,

          *Plaintiffs-Appellants*,

          v.                                                        15-201-cv

THE CITY OF NEW YORK, ALAN VENGERSKY, DORA SCHRIRO,

          *Defendants-Appellees*.[2]

_____

Appearing for Appellants:     Damond J. Carter, New York, NY.

_____

[1] The Honorable Katherine Polk Failla, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as set forth above.

Appearing for Appellees:    Jeremy W. Shweder (Richard Dearing, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Paula Henry, Sharon Jackson-Crawford, and Makenzy Jean-Felix appeal from the December 19, 2014 judgment of the United States District Court for the Southern District of New York (Pauley, *J.*), granting defendants' motion to dismiss the second amended complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

First, plaintiffs challenge the dismissal of their Title VII claim. We do not have jurisdiction to address this issue, which was decided in the district court's May 12, 2014 ruling. The notice of appeal filed by plaintiffs stated that they were appealing only the December 19, 2014 judgment. Federal Rule of Appellate Procedure 3(c), which is "jurisdictional in nature," *Smith v. Barry*, 502 U.S. 244, 248 (1992), requires the appellant to "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B). Although we are to "liberally construe the requirements of Rule 3," *Smith*, 502 U.S. at 248, our Court's appellate jurisdiction "depends on whether the intent to appeal . . . is clear on the face of, or can be inferred from, the notice[] of appeal." *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007). Here, even reading the notice of appeal broadly, it cannot be construed to constitute an appeal of the May 12, 2014 order, and we therefore do not have jurisdiction to grant the relief plaintiffs seek. In any event, this argument is meritless, as plaintiffs' counsel explicitly abandoned the Title VII claim at oral argument in the district court, and the district court did not err in failing to give plaintiffs relief they did not seek.

Plaintiffs next appeal the dismissal of their procedural due process claim. "To plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process." *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013). "In order to do this, a plaintiff must 'first identify a property right, second show that the [government] has deprived him of *that* right, and third show that the deprivation was effected without due process.'" *Id.* (alteration in original) (quoting *Local 342, Long Island Pub. Serv. Emps. v. Town Bd. of Huntington,* 31 F.3d 1191, 1194 (2d Cir. 1994)). We assume without deciding that all three plaintiffs plausibly pleaded that they had a constitutionally-protected property interest in their public employment. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-77 (1972); *Faghri v. Univ. of Conn.*, 621 F.3d 92, 99 (2d Cir. 2010).

"[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (alteration in original) (quoting *Zinermon v. Burch,* 494 U.S. 113, 126 (1990)). In considering what process is due, the Supreme

Court has distinguished between claims based on state law or procedure, and claims based on random or unauthorized acts by state employees. *Id.* In the latter category, a state can avoid liability by merely providing a "meaningful post-deprivation remedy." *Id.*; *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).

Here, plaintiffs do not allege that the processes afforded by the state are inadequate, but rather that defendants did not comply with the prescribed procedures. Further, plaintiffs have not plausibly alleged that the acts complained of do not constitute random or unauthorized conduct, as they merely plead conclusory assertions that defendants were "high-ranking officials who are ultimate decision-maker[s] and have final authority over significant matters." *Rivera-Powell*, 470 F.3d at 465 (alteration in original) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Velez v. Levy*, 401 F.3d 75, 91-92 (2d Cir. 2005); *DiBlasio v. Novello*, 344 F.3d 292, 303 (2d Cir. 2003). Plaintiffs have similarly offered only conclusory allegations regarding the existence of an unofficial policy under which state officials regularly disregarded procedural requirements for terminations. Therefore, plaintiffs have, at most, pleaded a claim based on random or unauthorized acts by state employees and, accordingly, no Section 1983 due process claim will lie so long as the state has provided a meaningful post-deprivation remedy.

Here, an Article 78 proceeding was available to plaintiffs, which is sufficient to satisfy the Due Process Clause. *See Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001); *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881; *Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984). Further, because plaintiffs did not plausibly allege the deprivation of a constitutional right, their claim against the City of New York also failed. *See Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). The district court therefore did not err in dismissing plaintiffs' procedural due process claim.

Finally, to the extent plaintiffs' reply brief can be construed to constitute an appeal of the district court's May 12, 2014 dismissal of their equal protection claim, this argument fails for several reasons. First, for the reasons discussed above, we lack jurisdiction over the district court's May 12, 2014 order. Second, the district court dismissed plaintiffs' equal protection claims *without* prejudice and instructed them that they could re-plead this claim in their second amended complaint; they chose not to do so. Finally, "we ordinarily will not consider issues raised for the first time in a reply brief." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009).

We have considered the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3